## WEBB v. SHEA.

Opinion delivered July 4, 1921.

1. TRUSTS—GOOD FAITH REQUIRED OF TRUSTEES.—Where defendant was not only one of the promoters of an unincorporated associa-' tion, but also was a trustee or the shareholders and was designated in their advertising matter as president of the company, he thereby assumed a relation of trust and confidence toward those who were invited to join in the enterprise by purchasing stock, and that relation required good faith on his part in making full disclosure of all matters that might affect the interests which they were purchasing.

2. TRUSTS—SALE BY TRUSTEE.—The existence of a trust relation does not preclude the trustee from selling property to others with whom he is interested, but such relation does call for the utmost good faith, and the sale is voidable where any advantage is taken or there is a failure to disclose the fact that the person so making the sale is interested in the transaction.

3. TRUSTS—SALE BY TRUSTEE—RIGHT OF CESTUI QUE TRUST TO RESCIND. —Where a sale of an oil lease by trustees of an unincorporated association is void because of their failure to disclose to the other members of the association the fact that they were financially interested in such sale, the contract being voidable at the election of the stockholders, they could elect to keep the property and sue for the excessive profits derived by such trustees in the transfer of the lease, or they could rescind the contract for fraud and recover the price paid for the stock.

Appeal from St. Francis Chancery Court; *A. L. Hutchins,* Chancellor; affirmed.

*S. S. Hargraves,* for appellant.

1. The contention of plaintiffs that defendants concealed form them the fact that Webb was interested in the oil lease as owner and that he sold same to the Rainbow Division Oil Company at a profit is not sustained by the proof. The transfer and assignment of the lease was placed in escrow in a bank at Little Rock, and any prospective shareholder might have examined it. The declaration of trust showed that Webb was one of the lessors. There was nothing concealed. See 1 Thompson, Corporations, §§ 459, 460.

2. Where a secret profit is wrongfully obtained from a corporation by one sustaining a fiduciary relation to it, the measure of recovery is the amount of money he made as a profit in the transaction. 71 Ark. 283. The chancellor erred in requiring appellant to repay to the company all of the purchase price paid by the company for the lease.

*Cul L. Pearce, Brundidge & Neelly; Mann, Bussey & Mann,* and *Coleman, Robinson & House,* for appellees.

1. Promoters are required to make a full disclosure of all material facts, and are not permitted to make a secret profit. 71 Ark. 281; 131 Ark. 386; 176 U. S. 204; 188 Mass. 315; 149 Pac. 595; 16 S. W. 390; 35 Pac. 444; 18 L. R. A. (N. S.) 1106; 32 Pac. 600; 72 N. W. 745; 35 Pac. 444.

It is not true that the trustees, directors and officers of the company were apprised of the facts and dealt with a full knowledge of them. Defendants fraudulently misrepresented facts to them.

2. When promoters organize a company or corporation for the express purpose of taking over property owned by the promoters, the law requires them to make a full disclosure of material facts, and to create an independent board that will be in a position to deal with the promoters at arms' length. 1 Fletcher, Cyc. Corp., p. 283; 7 R. C. L. 70; Thompson on Corp., § 457; 3 App. Cas. H. L. 1218.

McCulloch, C. J. This is an action instituted by appellee against appellant D. C. Webb and certain parties to cancel the transfer of an oil lease and to recover the amount paid by appellees for shares in an unincorporated association organized for the purpose of producing and selling oil. Eugene Williams and R. E. Priddy were made defendants, but they were nonresidents of the State, and there was no service on them, so the cause proceeded against appellant D. C. Webb alone. Appellant resides in St. Francis County, Arkansas, and Priddy and Williams live in Memphis, Tennessee, where they

were copartners in the business of buying and selling bonds, and they had a branch office in Little Rock.

Appellant and Priddy and Williams purchased an oil lease on ten acres of land in what is known as the Burk-Burnett oil fields in the State of Texas, paying therefor the sum of $20,000 in cash, each of the parties contributing one-third. They conceived the plan of organizing an association of some kind and selling the lease to such association and then selling sufficient stock therein to raise funds to pay for the lease. Pursuant to this plan, the above, named parties interested R. R. Kelly and W. S. Madden in the plan which was carried out by a written contract creating a common-law trust whereby appellant, Kelly and Madden, were made trustees for all persons who should acquire shares in the association. The association was given the name of Rainbow Division Oil Company, but it was never incorporated. It was agreed that appellant, Priddy and Williams should sell the lease to the association for the price of $95,000, of which $20,000 was to be paid in shares in the association and the remainder in cash. It was further agreed that the transfer of the lease would be placed in escrow in one of the banks of Little Rock for delivery upon the completion of the payment of the price. Pursuant to this plan, the lease propery assigned was so deposited, and the trustees proceeded to sell stock in the association, employing for that purpose certain agents and solicitors, and they paid a commission of fifteen per centum on the sales. The trustees adopted a rule or resolution, which was pursuant to the agreement with the holders of the lease, that 80 per cent. of the proceeds of the sale of stock should be paid over to the bank on the price of the lease and that 15 per cent. should be paid to the agents and solicitors as commissions on sales of stock and the other 5 per cent. should be used in paying overhead expenses, such as office rent and other like expenses. Stock was sold aggregating $89.000. and these sales were made by various solicitors and the parties interested, including appellant himself, and also one of the appellees. A little

later appellees T. A. Shea and B. W. Moore were elected trustees by the other three, but the testimony shows that they did not taken any action in the management of the concern except that they sold some of the stock to other persons. Out of the proceeds of the sale of stock $70,400 was paid to appellant and Priddy and Williams on the price of the lease and commissions in the sum of about $13,000 were paid. Appellees are all shareholders in the association and joined in this suit as such, and appellees, Shea and Moore also sue as trustees of the association.

The charge in the complaint is that appellant concealed from the shareholders the fact that he was interested in the sale of the lease to the association; that the lease was practically worthless, and that the value thereof was grossly misrepresented by the trustees, including appellant, in selling stock in the association and advertising the stock for sale, and that the sale of the stock under those circumstances constituted a fraud, for which a court of equity should grant relief by canceling the transfer of the lease and by restoring the consideration paid for the stock. We are of the opinion that the charge in complaint is established by the evidence and that appellees are entitled to the relief which the court granted. The testimony warrants the finding that, at the time of the purchase of the lease by appellant and Priddy and Williams in May, 1919, and the resale thereof shortly thereafter to the association, the lease was not worth more than the amount appellant and his associates paid for it, which was $20,000, and that the price at which it was resold to the association was grossly exaggerated, and that at the time of the institution of this action the lease was practically worthless. The testimony warrants the conclusion that these parties, *i. e.*, appellant and his associates, Priddy and Williams, conceived the plan of unloading this lease upon the association for the purpose of obtaining a grossly exaggerated price, and that appellant failed to disclose the fact to the public that he was interested in the sale of the lease. They adopted a very pretentious name, and advertised it extensively in the

newspapers as being a good investment, and represented the fact to be that the lease was worth a great deal more than the association had agreed to pay for it. We think that the testimony was, as before stated, sufficient to warrant a finding that the conduct of appellant and his associates was fraudulent, and that it was calculated to deceive and did deceive the persons who purchased shares in the association. Appellant was not only one of the promoters of the association, but he became a trustee for all the shareholders and was designated on the literature published at large as president of the company. He thereby assumed a relation of trust and confidence toward those who were invited to join in the enterprise by purchasing stock, and that relation required good faith on his part in making full disclosure to the shareholders of all matters that might affect their several interests which they were purchasing. *Tegarden* v. *Big Star Zinc Co.*, 71 Ark. 281; *Porter* v. *Morris*, 131 Ark. 386; *Old Dominion Co.* v. *Bigelow*, 188 Mass. 315; *Dickerman* v. *Northern Trust Co.*, 176 U. S. 204; *Erlander* v. *New Sombrero Phosphate Co.*, 3 App. Cas. H. L. 1218, 36 Law Times Rep. 222. Such a relation does not absolutely preclude a person who occupies it from selling property to others with whom he is interested, but his relation does call for the utmost good faith, and the sale is voidable where any advantage is taken or where there is a failure to disclose the fact that the person so making the sale is interested in the transaction. The same rule applies as in the case of a corporation. 1 Thompson on Corporations, § 457; 7 Ruling Case Law, 70.

It is also contended that the relief granted by the chancery court was erroneous in its extent, for at most it should only have been granted against appellant for the amount of profit which he is alleged to have secretly obtained. The contract being voidable at the election of the shareholders, they might have elected to keep the property and sue for the recovery of the excessive profits derived by appellant and his associates in the transfer of the lease, but they had a right to rescind the contract

for fraud and recover the price paid for the stock. In other words, they had a right to set aside the transfer of the lease, being appellant and his associates to whom in the purchase of stock.

There was an expense of about $900 for erecting a derrick on the land, and it is also argued that this amount should have been deducted from the amount recovered. Since the lease was cancelled, the benefit, if any, from the erection of the derrick on the land will inure to the holder of the lease, being appellant and his associates to whom the lease reverts upon the cancellation of the transfer to the association. Our conclusion is, therefore, that the chancellor was correct in his decree, and the same is affirmed.